# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE:<br><br>DANNY A. GREEN,<br><br>   Debtor.<br>——————————————————<br>DANNY A. GREEN,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>   Defendant. | Case No: 21-30649-KKS<br>Chapter 7<br>Judge Karen K. Specie<br><br><br><br><br>Adv. Case No: 22-03013-HAC<br><br>Judge Henry A. Callaway |

## UNITED STATES DEPARTENT OF EDUCATION'S ANSWER TO COMPLAINT

NOW COMES the Defendant, United States Department of Education (Education), by and through its attorney, Assistant United States Attorney Katherine C. Kerwin, and for its answer to the Complaint states as follows:

    1.    Admit.

    2.    Admit.

    3.    Education neither admits nor denies the allegations set forth in paragraph 3 due to lack of information sufficient to form a belief about the truth

1

of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5). Education admits that it is the holder of the loans owed by the debtor, which are serviced by AidVantage Servicing.

4. Admit.

5. Education neither admits nor denies the allegations set forth in paragraph 5 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

6. Education neither admits nor denies the allegations set forth in paragraph 6 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

7. Education neither admits nor denies the allegations set forth in paragraph 7 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

8. Admit.

9. Education neither admits nor denies the allegations set forth in paragraph 9 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with

Federal Rule of Civil Procedure 8(b)(5).

10. Education neither admits nor denies the allegations set forth in paragraph 10 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

11. Education neither admits nor denies the allegations set forth in paragraph 11 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

12. Education neither admits nor denies the allegations set forth in paragraph 12 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

13. Education neither admits nor denies the allegations set forth in paragraph 13 due to lack of information and knowledge sufficient to form a belief about the truth of the allegations and, thus, denies the same in accordance with Federal Rule of Civil Procedure 8(b)(5).

14. Education denies the allegation set forth in paragraph 14 as it is untrue.

## DEFENSES

15. The following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In asserting the following defenses, Education does not admit the burden of proving the allegations or denials contained in the defenses but, to the contrary, asserts that by reason of the denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many defenses are upon Plaintiff.

16. Plaintiff's student loans are not dischargeable under 11 U.S.C. § 523(a)(8). Plaintiff cannot meet his burden of proving undue hardship as required by 11 U.S.C. § 523(a)(8) and interpreted by the Ninth Circuit (i.e., the *Brunner* test). He cannot meet his burden for one or more of the following reasons:

    a. Plaintiff fails to prove that he cannot maintain, based on current income and expenses, a "minimal" standard of living for himself if forced to repay the student loans;

    b. Plaintiff fails to prove that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans;

       and

      c. Plaintiff fails to prove that he has made good faith efforts to repay the student loans.

17. Plaintiff fails to state a claim upon which relief can be granted.

18. Plaintiff has failed to exhaust his administrative remedies.

## AFFIRMATIVE DEFENSES

19. Education asserts the defense of estoppel.

20. Plaintiff has failed to exhaust administrative remedies before seeking relief from this Court.

WHEREFORE, Education respectfully requests relief from the Court as follows:

    a) Dismiss Plaintiff's Complaint;

    b) Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted;

    c) Determine that Plaintiff' student loans are not dischargeable pursuant to 11 U.S.C. § 523(a)(8); and

    d) For such other relief as this Court may deem just and equitable.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Katherine C. Kerwin*
**KATHERINE C. KERWIN**
Assistant United States Attorney
Michigan Bar No. P73070
Email: katherine.kerwin@usdoj.gov
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  850-942-8430
Fax:  850-942-8466

Date: September 8, 2022

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer to Complaint has been furnished via CM/ECF to all interested parties, this 8th day of September, 2022, including:

Carrie Cromey
101 S. Jefferson Street, Suite C
Pensacola, FL 32502
carrie@cromeylaw.com

                                         */s/ Katherine C. Kerwin*
                                         **KATHERINE C. KERWIN**
                                         Assistant United States Attorney